**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**POLYNESIAN ISLES RESORT**
**CONDOMINIUM ASSOCIATION IV,**
**INC.,**

                **Plaintiff,**

**-vs-**                                                        **Case No. 6:09-cv-647-Orl-31KRS**

**DIAMOND RESORTS MANAGEMENT,**
**INC., TROY MAGDOS, MARILYN**
**WINDSOR and LINDA RIDDLE,**

                **Defendants.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, Polynesian Isles Resort Condominium Association IV, Inc. (the "Plaintiff"), Motion to Remand (the "Motion") (Doc. 5), and Defendants', Diamond Resorts Management, Inc. ("DRM"), Troy Magdos, Marilyn Windsor and Linda Riddle (collectively, the "Defendants"), response in opposition thereto (Doc. 16).

**I. Background**

Plaintiff originally filed suit in Osceola County Circuit Court, asserting, *inter alia*, various state law claims arising out of Defendants' alleged breach of a property management agreement (Doc. 2). Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants removed the case from state court to this Court on April 13, 2009 (Doc. 1).

In its Motion, Plaintiff contends that removal was improper because: (1) there is not complete diversity of citizenship between the parties inasmuch as Defendant DRM is a citizen of the State of Florida; and (2) the parties' management agreement contains an exclusive forum selection clause limiting venue to "Osceola County, Florida" (Doc. 5 at 4). Plaintiff concedes, however, that the amount in controversy in this matter exceeds $75,000.00 (Doc. 5 at 5).[1] Furthermore, Plaintiff does not raise any procedural arguments related to Defendants' removal and the time for doing so has now passed. *See* 28 U.S.C. § 1447(c).

The Court addresses Plaintiffs' two arguments, *infra*.

## II. Standard of Review

Unlike state courts, lower federal courts are courts of limited jurisdiction: "They possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

For diversity jurisdiction to exist, no defendant may be a citizen of the same state as any plaintiff. *See* U.S. CONST. art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844). Furthermore, removal statutes are to be construed narrowly, and where the

---

[1] On its face, Plaintiff's Complaint seeks damages in excess of $600,000.00 (Doc. 2, ¶¶ 19-20).

parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Where a corporation maintains its principal place of business is a question of fact that is determined by the Court on a case-by-case basis. *See*, *e.g.*, *Century Fasteners Corp. v. Spacecoast Supply Corp.*, 775 F. Supp. 392, 393 (M.D. Fla. 1991). Within the Eleventh Circuit, district courts look to the "total activity" of a corporation to determine its principle place of business. *Vareka Investments, N.V. v. Am. Investment Props., Inc.*, 724 F.2d 907, 909-910 (11th Cir. 1984) (citations omitted). "This analysis incorporates both the 'place of activities' test (focus on production or sales activities), and the 'nerve center' test (emphasis on the locus of the managerial and policymaking functions of the corporation)." *Id*. at 910 (citations omitted).

**III. Analysis**

    **A. Citizenship of the Parties**

It is undisputed that Plaintiff is a non-profit corporation organized under the laws of the State of Florida and with its principal place of business in the State of Florida (Doc. 2, ¶ 1). Plaintiff is therefore a citizen of the State of Florida. It is also undisputed that Defendants Troy Magdos, Marilyn Windsor and Linda Riddle are natural persons and citizens of the State of Nevada (Doc. 2, ¶¶ 3-5; Doc. 1, ¶¶ 4(f)-(h)). Assuming, then, that Defendant DRM is not a citizen of the State of Florida, there is complete diversity of citizenship between the parties.

With respect to Defendant DRM, Plaintiff has alleged that DRM is a corporation organized under the laws of the State of Arizona (Doc. 2, ¶ 2). Notwithstanding DRM's place of

incorporation, however, Plaintiff contends that "DRM has consistently operated its principal place of business" in Florida (Doc. 5 at 5). Other than this conclusory assertion, Plaintiff has not produced any evidence, or made any further argument, suggesting that DRM's principal place of business is located in Florida. Plaintiff is not, however, obligated to do so, as it is well-established that Defendants bear the burden of proof in asserting federal jurisdiction. *See*, *e.g.*, *Williams*, 269 F.3d at 1319.

For its part, then, DRM has filed the affidavit of one its Vice Presidents, Lyle Boll, who swears, *inter alia*, that: DRM's administrative and executive offices, corporate records and books, corporate bank accounts, and the majority of DRM's employees are all located in Las Vegas, Nevada (Doc. 16-2, ¶¶ 6, 8, 9 and 11). Mr. Boll further avers that all of DRM's executive, managerial, and policymaking decisions occur in Las Vegas, Nevada and that DRM's payroll is administered in and paid from Las Vegas, Nevada (Doc. 16-2, ¶¶ 7 and 10).

Upon review, Plaintiff's argument that there is not complete diversity between the parties is without merit. Under the "total activity" test, the uncontroverted facts averred in Mr. Boll's affidavit clearly establish that DRM's principal place of business is in the State of Nevada. Accordingly, no defendant is a citizen of the State of Florida and there is complete diversity between the parties. 28 U.S.C. § 1332.

### B. Forum Selection Clause

Paragraph 21 of the parties' Management Agreement, which Plaintiff attached to its Complaint, states, in pertinent part:

> This agreement is binding upon the parties, their heirs, executors, administrators, successors, representatives, receivers, trustees and assigns, and shall be construed under Florida law. Venue shall be proper in Osceola County, Florida.

(Doc. 2 at 29-29; Doc. 16-4 at 5 and 7).

Notwithstanding the fact that the United States District Court in and for the Middle District of Florida clearly encompasses Osceola County, Florida, Plaintiff contends that "only a Florida State Court forum [in Osceola County]" is proper in this case because the Management Agreement states "Venue shall be proper in Osceola County, Florida" (Doc. 5 at 4).

The Court need not waste its limited resources with this argument. Numerous federal courts have consistently found that forum selection clauses – such as the one in the parties' Management Agreement – are permissive and do not include a waiver of removal rights. *See*, *e.g.*, *Priority Healthcare Corp. v. Chaudhuri*, Case. No. 08-CV-425, 2008 WL 2477623 (M.D. Fla. June 18, 2008) (collecting cases, analyzing similar forum selection clause, and denying motion to remand). The forum selection clause in the parties' Management Agreement is no different.

## IV. Conclusion

Based on the foregoing, it is **ORDERED** that Plaintiff Polynesian Isles Resort Condominium Association IV, Inc.'s Motion to Remand (Doc. 5) is **DENIED**. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 18, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE